File no. HV 86599 (JJP)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HARLEYSVILLE LAKE STATES    )
INSURANCE COMPANY           )
                             )
           Plaintiff,     )    No.
                             )    FILED: MAY 14, 2008
       -vs-               )    08CV2786    PH
                             )    JUDGE ZAGEL
MS-GRAND BEDFORD PARK, INC.,  )    MAGISTRATE JUDGE COX
BRIAN YOUNG, and BLANCA E., on her )
own behalf and as next friend for N.E.,  )
a minor child                   )
                             )
          Defendants,    )

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Harleysville Lake States Insurance Company ("Harleysville"), and states the following complaint for declaratory judgment.

### JURISDICTION

1.    Harleysville is a corporation, organized and existing pursuant to the laws of the state of Michigan, with its principal place of business located in Traverse City, Michigan. Harleysville is a citizen of Michigan.

2.    MS-Grand Bedford Park, Inc. ("MS-Grand") was, at all times relevant herein, a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business located in Illinois. The records of the Illinois secretary of state show that MS-Grand was involuntarily dissolved on February 8, 2008. MS-Grand was, at all relevant times, a citizen of the state of Illinois.

3.    Brian Young is a natural person, a citizen of and resident of the state of Illinois.

4.      Blanca E. ("Blanca E.") is a natural person, a citizen of and resident of the state of Illinois, who has filed a suit using the pseudonym Blanca E. on her own behalf and as next friend of N.E., a minor child, case no. 07 C 5889 in the United States District Court, Northern District of Illinois.

5.      N.E. is a natural person, a female, a citizen of and resident of the state of Illinois.

6.      The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7.      Jurisdiction is invoked pursuant 28 U.S.C. § 1332 because the parties are of diverse citizenship, and the amount in controversy exceeds the jurisdictional limit.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because the majority of acts and omissions giving rise to this action took place in the Northern District of Illinois.

9.      Declaratory relief is authorized pursuant to 28 U.S.C. § 2201

## UNDERLYING SUIT

10.      On October 17, 2007, suit was filed in the United States District Court, Northern District of Illinois, entitled *Blanca E., on her own behalf and as next friend for N.E., a minor child, plaintiff, -vs- MS-Grand Bedford Park, Inc., and Brian Young, defendants*, case no. 07 CV 5889. ("underlying suit"). A true copy of the complaint filed in the underlying suit is attached as exhibit "A."

11.      The underlying suit alleges that N.E. was a minor child employed by MS-Grand at its Grand Mart store location in Bedford Park, Illinois.

12.     The underlying suit alleges that Brian Young was the manager of the Grand Mart store at which the minor plaintiff N.E. was employed.

13.     The underlying suit alleges that Brian Young was the direct supervisor of the minor plaintiff N.E.

14.     It is alleged that Brian Young committed the following acts:

      a.     followed the minor N.E. around the store and stood directly behind her for long periods of time;

      b.     On at least one occasion, Brian Young grabbed N.E., pulled her towards him and kissed her on the lips for his own sexual gratification;

      c.     On several occasions, Brian Young told N.E. that she was beautiful and that he wanted to marry her.  Mr. Young would often call N.E. on her cell phone and attempt to give her presents;

      d.     On several occasions, Mr. Young stood inches away from N.E. while she worked at the checkout area for his own sexual gratification;

15.     On August 6, 2007, Blanca E. on behalf of N.E., filed a Charge of Discrimination against MS-Grand with the Equal Employment Opportunity Commission. ("EEOC").  On. August 16, 2007, the EEOC issued a Notice of Right to Sue.

16.     Count I of the underlying suit is brought against Mr. Young.  It alleges that the foregoing conduct directed against N.E. created a hostile, offensive, abusive, insulting and discriminatorily intimidating workplace, and unreasonably interfered with the performance of her job duties, in violation of 42 U.S.C. 2000e, et seq.

17.     It is further alleged that the foregoing conduct directed at N.E. caused such severe emotional distress as to effect her constructive discharge from employment by MS-Grand.

18.     Count II of the underlying suit alleges assault and battery against Mr. Young, in that the foregoing conduct constituted offensive physical contact.

19.     Count III is brought against MS-Grand.  It alleges that MS-Grand knew or should have known that Mr. Young was creating a physically dangerous and sexually hostile work environment for N.E.

20.     Count III alleges that MS-Grand refused to take steps to prevent Mr. Young from abusing employees, including N.E.

21.     It is alleged that, as a direct and proximate result of MS-Grand's willful and wanton failure to supervise and retention of Mr. Young, the minor plaintiff N.E. was damaged in that she suffered physical abuse, emotional distress, loss of normal life, and past and future pain.

22.     Count III further alleges that MS-Grand had a special duty with respect to N.E.

23.     It is alleged that MS-Grand was uniquely aware of the dangers that Mr. Young posed to N.E., and failed to take any action to protect N.E. from Mr. Young, and failed to act to remedy the abuse or harassment of N.E. by Mr. Young.

24.     It is alleged that the injuries to N.E. happened while she was under the direct and immediate control of MS-Grand and its agents.

25.     Count IV is brought against Mr. Young, and alleges intentional infliction of emotional distress.

26.     The relief requested in all counts is an award of lost wages, compensatory damages for mental anguish and humiliation, punitive damages, costs and attorney fees.

4

## COUNT I
## HARLEYSVILLE CGL POLICY

1.-26.    Harleysville repeats paragraphs 1. to 26.

27.    Harleysville issued policy number MPA 8J1624 to its named insured MS-Grand effective September 29, 2006 to September 29, 2007. (The "Harleysville CGL policy"). A certified copy of the Harleysville CGL policy is attached as exhibit "B."

28.    The Harleysville CGL policy provides coverage for bodily injury and property damage liability, subject to all of its terms, conditions, limitations, definitions and exclusions. The insuring agreement of Coverage A states:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

5

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1, of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed in Paragraph 1. Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period. * * *

29. The Harleysville CGL policy defines "bodily injury":

    3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of theses at any time.

30. The Harleysville CGL policy defines "occurrence":

    13. "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

31. Coverage A of the Harleysville CGL policy contains the following exclusions:

**2. Exclusions**

This insurance does not apply to:

a.      **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

d.      **Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law.

e.      **Employer's Liability**

"Bodily injury" to:

(1)      An "employee" of the insured arising out of and in the course of:

      (a)      Employment by the insured; or

      (b)      Performing duties related to the conduct of the insured's business; or

(2)      The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)      Whether the insured may be liable as an employer or in any other capacity; and

(2)      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

32. The Harleysville CGL policy provides coverage for personal and advertising injury.

The insuring agreement for Coverage B of the policy states as follows:

## SECTION I - COVERAGES

## COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

33. Coverage B of the policy contains the following exclusions:

2. **Exclusions**

   This insurance does not apply to:

8

**a.** **Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

\* \* \*

34. The Harleysville CGL policy defines "Personal and advertising injury":

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement;

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

35. The Harleysville CGL policy contains the following exclusion that applies to both Coverage A and Coverage B:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**EMPLOYMENT - RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part.

A.    The following exclusion is added to Paragraph 2., **Exclusions** of Section I - Coverage A - Bodily Injury and Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1)    A person arising out of any:

    (a)    Refusal to employ that person;

    (b)    Termination of that person's employment; or

    (c)    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at that person; or

(2)    The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B.    The following exclusion is added to Paragraph 2., **Exclusions** of Section I - Coverage B - Personal and Advertising Injury Liability:

This insurance does not apply to:

"Personal and Advertising Injury" to:

10

    (1)    A person arising out of any:

        (a)    Refusal to employ that person;

        (b)    Termination of that person's employment; or

        (c)    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at that person; or

    (2)    The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

    (1)    Whether the insured may be liable as an employer or in any other capacity; and

    (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

36.    The Harleysville CGL policy defines Who Is An Insured:

**Section II - Who Is An Insured**

1.    ... You ... [MS Grand] * * *

2.    Each of the following is also an insured:

    a.    Your "employees" ..., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

37.    The allegations of the underlying suit are not covered under the insuring agreement of the Harleysville CGL policy, Coverage A or Coverage B.

38.    The allegations of the underlying suit are excluded from coverage under one or more of the foregoing policy exclusions, applicable to Coverage A and coverage B, of the Harleysville CGL policy.

39.     Brian Young is not an insured under the Harleysville CGL policy for the allegations of the underlying suit.

WHEREFORE, Harleysville prays that this court find and declare the rights and liabilities of the parties, and specifically find and declare the following:

a.      That Harleysville owes no duty to defend MS-Grand or Brian Young in the underlying suit under the Harleysville CGL policy;

b.      That Harleysville owes no duty to indemnify MS-Grand or Brian Young for their liability, if any, to plaintiffs in the underlying suit, under the Harleysville CGL policy;

c.      For such other relief as is just and necessary.

## COUNT II
## HARLEYSVILLE WC-EL POLICY

40.- 65.  Harleysville repeats and realleges paragraphs 1. to 26. as paragraphs 40 through 65.

66.     Harleysville issued policy number WC-8J1624 to its named insured MS Grand, effective September 29, 2006 to September 29, 2007.  (The "Harleysville WC-EL policy").  A certified copy of the Harleysville WC-EL policy is attached as exhibit "C."

67.     The Harleysville WC-EL policy provides workers compensation insurance, and employers liability insurance, subject to all of its terms, conditions, limitations, definitions and exclusions.  The insuring agreement of Part One, Workers Compensation Insurance, states as follows:

## PART ONE
## WORKERS COMPENSATION INSURANCE

A.    **How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1.    Bodily injury by accident must occur during the policy period:

2.    Bodily injury by disease must be caused or aggravated by the conditions of your employment.  The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B.    **We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

C.    **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance.  We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

\* \* \*

68.    The insuring agreement of Part Two,  Employers Liability Insurance, states as

follows:

**PART  TWO**
**EMPLOYERS  LIABILITY  INSURANCE**

A.    **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1.    The bodily injury must arise out of and in the course of the injured employee's employment by you;

2.    The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3.     Bodily injury by accident must occur during the policy period;

4.     Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

\* \* \*

**B.    We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1.     for which you are liable to a third person by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2.     for care and loss of services; and

3.     for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4.     because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**C.    Exclusions**

This insurance does not cover:

\* \* \*

7.     damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

**D.    We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding

or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

69.    The Harleysville WC-EL policy defines who is an insured:

**GENERAL SECTION**

**B.     Who Is An Insured**

You are an insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

70.    Brian Young is not an insured under the Harleysville WC-EL policy.

71.    The allegations of the underlying suit are not covered under the insuring agreement of the Harleysville WC-EL policy, Part One or Part Two.

72.    The allegations of the underlying complaint are excluded by exclusion 7 of Part Two of the Harleysville WC-EL policy.

WHEREFORE, Harleysville prays that this court find and declare the rights and liabilities of the parties, and specifically find and declare the following:

a.    That Harleysville owes no duty to defend MS-Grand or Brian Young in the underlying suit under the Harleysville WC-EL policy;

b.    That Harleysville owes no duty to indemnify MS-Grand or Brian Young for their liability, if any, to plaintiffs in the underlying suit, under the Harleysville WC-EL policy;

c.    For such other relief as is just and necessary.

15

## COUNT III
## HARLEYSVILLE UMBRELLA POLICY

73.-98.  Harleysville repeats and realleges paragraphs 1. to 26. as paragraphs 73 through 98.

99.  Harleysville issued policy number BE-8J1624 to its named insured MS Grand, effective September 29, 2006 to September 29, 2007.  (The "Harleysville Umbrella policy").  A certified copy of the Harleysville Umbrella policy is attached as exhibit "D."

100.  The Harleysville umbrella policy provides excess liability coverage for bodily injury and property damage liability, subject to all of its terms, conditions, limitations, definitions and exclusions.  The insuring agreement of Coverage A states:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**     **Insuring Agreement**

      **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.  When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend.  But:

            (1)     The amount we will pay for the "ultimate net loss" is limited as described in Section III - Limits of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1, of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed in Paragraph 1. Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.   * * *

101. The Harleysville Umbrella policy defines "bodily injury":

3. "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of theses at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury."

102.    The Harleysville Umbrella policy defines "occurrence":

13.    "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

103.    Coverage A of the Harleysville Umbrella policy contains the following exclusions:

**2.    Exclusions**

This insurance does not apply to:

**a.    Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**d.    Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law.

\* \* \*

**g.    Employer's Liability**

"Bodily injury" to:

(1)    An "employee" of the insured arising out of and in the course of:

(a)    Employment by the insured; or

(b)    Performing duties related to the conduct of the insured's business; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity; and to any obligation to share

18

damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

\* \* \*

This exclusion does not apply to the extent that valid "underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury." Coverage will follow the provisions, exclusions and limitations of the "underlying insurance" unless otherwise directed by this insurance.

**h.     Employment - Related Practices**

"Bodily injury" to:

(1)     A person arising out of any:

      (a)     Refusal to employ that person;

      (b)     Termination of that person's employment; or

      (c)     Employment related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2)     The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

104.     The Harleysville Umbrella policy provides excess liability coverage for personal and advertising injury.  The insuring agreements for Coverage B of the policy states as follows:

**SECTION I - COVERAGES**

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a.      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit' seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offence that may involve this insurance and settle any claim or "suit" for which we have the duty to defend. But:

       (1)      The amount we will pay for "ultimate net loss" is limited as described in Section III - Limits of Insurance; and

       (2)      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   b.      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

105.      Coverage B of the Harleysville Umbrella policy contains the following exclusions:

2. **Exclusions**

   This insurance does not apply to:

   a.      "personal and advertising injury"

**(1)**      **Knowing Violation of Rights of Another**

Caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

\* \* \*

**(14)**      **Employment - Related Practices**

To:

(a)      A person arising out of any:

       (i)      Refusal to employ that person;

       (ii)      Termination of that person's employment; or

       (iii)      Employment related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(b)      The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

106.      The Harleysville Umbrella policy defines "Personal and advertising injury":

14.      "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;

b.      Malicious prosecution;

21

c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.   Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.   The use of another's advertising idea in your "advertisement;

g.   Infringing upon another's copyright, trade dress or slogan in your "advertisement."

107.   The Harleysville Umbrella policy defines Who Is An Insured:

**Section II - Who Is An Insured**

1.   Except for liability arising out of the ownership, maintenance or use of "covered autos":

a.   ... You [MS Grand] * * *

b.   Each of the following is also an insured:

(1)   ... your "employees" ... but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

108.   The allegations of the underlying suit are not covered under the insuring agreement of the Harleysville Umbrella policy, Coverage A or Coverage B.

109.   The allegations of the underlying suit are excluded from coverage under one or more of the foregoing policy exclusions, applicable to Coverage A and coverage B of the Harleysville Umbrella policy.

110.   Brian Young is not an insured under the Harleysville Umbrella policy for the allegations of the underlying suit.

WHEREFORE, Harleysville prays that this court find and declare the rights and liabilities of the parties, and specifically find and declare the following:

a. That Harleysville owes no duty to defend MS-Grand or Brian Young in the underlying suit under the Harleysville Umbrella policy;

b. That Harleysville owes no duty to indemnify MS-Grand or Brian Young for their liability, if any, to plaintiffs in the underlying suit, under the Harleysville Umbrella policy;

c. For such other relief as is just and necessary.

Respectfully submitted,

John J. Piegore
Edric S. Bautista
Sanchez Daniels & Hoffman LLP
Attorneys for Harleysville Lake States Insurance Company
333 West Wacker Drive, Suite 500
Chicago, IL 60606
(312) 641-1555
(312) 641-3004 FAX